Weng v. Whitaker

BIA
Loprest, IJ
A205 907 154

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of December, two thousand eighteen.

PRESENT:
RALPH K. WINTER,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

LING FENG WENG,
        *Petitioner,*

        v.                                          16-4256
                                                    NAC
MATTHEW G. WHITAKER,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Michael Brown, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Carl Mcintyre,
                       Assistant Director; Margaret A.
                       O'Donnell, Trial Attorney, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ling Feng Weng, a native and citizen of the People's Republic of China, seeks review of a December 2, 2016, decision of the BIA affirming a January 27, 2016, decision of an Immigration Judge ("IJ") denying Weng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ling Feng Weng,* No. A 205 907 154 (B.I.A. Dec. 2, 2016), *aff'g* No. A 205 907 154 (Immig. Ct. N.Y. City Jan. 27, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and IJ's decisions, but we do not reach the IJ's alternative burden finding because the BIA did not rely on it. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). In making

2

a credibility determination, the agency must "[c]onsider[] the totality of the circumstances" and may base its determination on the applicant's "demeanor, candor, or responsiveness, . . . the inherent plausibility of the applicant's . . . account," inconsistencies or omissions in the applicant's statements or between his statements and other evidence "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *accord Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. We conclude that there is substantial evidence for the adverse credibility determination.

Omissions & Inconsistencies

The agency reasonably relied on omissions and inconsistencies. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 77 (2d Cir. 2018) (holding that IJs may rely on omissions and inconsistencies, including non-material ones, but noting

3

that omissions and inconsistencies "that ha[ve] no tendency to suggest a petitioner fabricated his or her claim will not support an adverse credibility determination"); *Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 (explaining that certain omissions are "functionally equivalent" to inconsistencies). Weng alleged in his asylum application that family planning officials raided his home, destroyed his property, arrested his father, and threatened him and his wife with sterilization because his wife failed to attend a scheduled pregnancy checkup, and that his mother had to pay a fine to obtain his father's release; but he failed to mention these facts at his hearing. *See Xiu Xia Lin*, 534 F.3d at 166n.3. The agency reasonably concluded that the omission tended to show that Weng could not remember what was written in his statement. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) ("The speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience. So long as an inferential leap is tethered to the evidentiary record, we will accord deference to the finding."). Weng's argument that he did

4

not testify about his father's arrest because he was not asked about it is unavailing because it was his burden to prove eligibility for relief and he was asked what evidence he had that the government wanted to sterilize him. *See* 8 U.S.C. § 1158(b)(1)(B)(i) (burden is on alien to establish asylum eligibility), (iii) ("[t]here is no presumption of credibility"); 8 C.F.R. § 1208.13(a).

The agency also reasonably relied on internal inconsistencies in Weng's testimony and inconsistencies between the testimony and the documentary evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). Weng stated that his wife was forced to have an abortion in 2011, but his wife's letter stated the abortion occurred in 2012. Further undermining the allegation of a forced abortion was Weng's mistaken, and then corrected, testimony that the abortion certificate he submitted reflected his wife's sterilization. Nor did the agency err in relying on more tangential inconsistencies. *See Xiu Xia Lin*, 534 F.3d at 167 (holding that "IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances'" supports the credibility ruling)(emphasis in original)); *see also Hong*

*Fei Gao*, 891 F.3d at 77-79 (reviewing standards for evaluating omissions and inconsistencies). Weng testified that he first violated China's family planning policies because his son was born before he was married, but the marriage and birth certificates place the birth after the marriage. And Weng's testimony about the time he spent in hiding was inconsistent because he testified to two years at one point and one month at another. The IJ was not required to credit Weng's explanation that he misheard the question or that two years was the "total time [he] was hiding out," particularly because Weng did not clarify the dates that he was in hiding. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)(emphasis in original)).

Implausibility

The IJ reasonably found implausible Weng's testimony that despite being wanted, he was able to leave China using his own passport. *See Ying Li v. Bureau of Citizenship &*

6

*Immigration Servs.*, 529 F.3d 79, 83 (2d Cir. 2008) (upholding an IJ's implausibility finding where petitioner alleged that she was able to leave China on her passport while wanted by local authorities).  The agency was not required to credit Weng's explanation that he was wanted by the "local government" and not the national government, given his statements that he was wanted everywhere and that he could not relocate in China.  *See id.* (questioning why petitioner, who was wanted "only by local authorities" in China, did not relocate elsewhere "in that capacious land"); *see also Majidi*, 430 F.3d at 80. Similarly, the IJ reasonably found implausible Weng's testimony that while he and his wife were in hiding, he was able to work in a factory and his wife was able to give birth by Caesarean section without the authorities finding out.  *See Siewe*, 480 F.3d at 168-69.

Corroboration

Weng's failure to offer reliable corroboration of events in China bolsters the agency's adverse credibility determination. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant

7

unable to rehabilitate testimony that has already been called into question."). The weighing of evidence is largely within the agency's discretion. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Weng's government documents lacked foundation and were unauthenticated, so they were reasonably accorded minimal weight. *See id*. And the letters from his family were from interested parties who were not subject to cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to give little weight to letter from applicant's spouse in China); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (giving diminished weight to letters from relatives because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Weng's contention that authenticating his official documents would have placed his family in danger is contradicted by his assertion that his mother obtained the abortion certificate from the village committee. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 263 (2d Cir. 2007); *Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006).

8

<u>Demeanor</u>

Finally, the adverse credibility determination is strengthened by the IJ's demeanor finding. "[W]e give particular deference to [credibility determinations] that are based on the adjudicator's observation of the applicant's demeanor," particularly "where, as here, [the observations] are supported by specific examples of inconsistent testimony." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). The record supports the IJ's observations that Weng was not "an entirely cooperative witness, even with his own counsel," that he answered questions with questions, asked for questions to be repeated or was unresponsive, and that his testimony became vague on cross-examination.

Given the multiple inconsistencies, the implausible testimony, the lack of reliable corroboration, and the demeanor finding, the "totality of the circumstances," supports the adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of asylum, withholding of removal, and CAT relief because all claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

9

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court